## NATIONAL FRUIT PRODUCT CO. v. JUSTUS

[112 N.C. App. 495 (1993)]

———————————

NATIONAL FRUIT PRODUCT COMPANY, INC. v. BETSY Y. JUSTUS, SECRETARY OF THE NORTH CAROLINA DEPARTMENT OF REVENUE

No. 9227SC1010

(Filed 2 November 1993)

1. **Appeal and Error § 210 (NCI4th)— certificate of service missing — acknowledgement of proper service — treated as petition for writ of certiorari**

An attempted appeal was treated as a petition for certiorari where the record on appeal did not contain a certificate showing service of defendant's notice of appeal from the trial

court, but plaintiff acknowledged at oral argument that defendant properly served it with notice of appeal.

**Am Jur 2d, Appeal and Error § 320 et seq.**

2. **Taxation § 19.1 (NCI3d)— excise tax—fruit juice exemption—registration**

The trial court erroneously determined that plaintiff's private label apple juice products do not require separate registration to be exempt from the excise tax on soft drinks under N.C.G.S. § 105-113.47. Although plaintiff contends that all of the apple juice it produces is fungible, is the same drink, and thus need not be registered separately when sold under different labels, this assertion assumes that the Secretary is aware of all of plaintiff's apple juice products, regardless of their brand names, is aware of plaintiff's expected exemptions, and has periodically analyzed them for compliance with the law. Absent registration, with or without an affidavit, the Secretary would have no notice of the claimed exemption and would be unable to perform analyses necessary to verify exemption or prove non-exemption.

**Am Jur 2d, State and Local Taxation §§ 338, 358.**

3. **Taxation § 19.1 (NCI3d)— soft-drink tax—fruit juice exemption—failure to register**

The court erred in ordering a refund of excise taxes plaintiff had paid on its vitamin C fortified apple juice products, sold under different product and brand names, because these are separate drinks and must be registered separately to qualify for the juice exemption to the soft-drink excise tax under N.C.G.S. § 105-113.47. Although plaintiff argues that the fact that N.C.G.S. § 105-113.47(a) states that vitamins are not to be considered artificial ingredients indicates that vitamins are to be considered an integral part of the juice, and thus vitamin-added fruit juice is indistinguishable from non-fortified juice and need not be separately registered, the obvious purpose of this provision is to keep otherwise exempt fruit or vegetable juice from being considered non-exempt solely because it contains sugar, salt or vitamins.

**Am Jur 2d, State and Local Taxation §§ 338, 358.**

4. **Taxation § 19.1 (NCI3d) — soft-drink excise tax — juice exemption — not retroactive**

Plaintiff was not entitled to a refund of excise taxes paid prior to registration of an apple juice brand as exempt. The language of N.C.G.S. § 105-113.47(b) is clear and unambiguous; until a drink is registered, it is taxable. To accept plaintiff's contention would be to allow a manufacturer to sell a soft drink, subsequently apply for an exemption for the drink in its then existing form, earn an exemption and have that exemption apply to sales of soft drinks which the Secretary was unable to analyze because an exemption had not yet been claimed.

**Am Jur 2d, State and Local Taxation §§ 338, 358.**

On writ of certiorari to review the judgment entered 22 June 1992 by Judge Janet Marlene Hyatt in Lincoln County Superior Court. Heard in the Court of Appeals 16 September 1993.

In November 1987, after conducting a soft drink excise tax audit of plaintiff, defendant issued a notice of proposed assessment for a deficiency in excise taxes for the period from 1 January 1982 through 30 November 1987. Defendant alleged that plaintiff was not entitled to exemptions for the brands of apple juice that it had not specifically registered pursuant to N.C. Gen. Stat. § 105-113.47 (1985). Plaintiff appealed to the Department of Revenue, which upheld the assessment for the deficiency, and then to the Tax Review Board, which affirmed the decision of the Department of Revenue on 18 April 1990.

After paying the assessment under protest, plaintiff brought this action in the Lincoln County Superior Court, seeking a refund of the assessment it had paid. Both plaintiff and defendant filed motions for summary judgment. In an order entered 22 June 1992, the trial court denied defendant's motion and entered summary judgment in favor of plaintiff. From this order, defendant appeals.

*Petree Stockton, by J. Robert Elster, Timothy J. Ehlinger and Henry C. Roemer, III, for plaintiff-appellee.*

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General George W. Boylan, for defendant-appellant.*

NATIONAL FRUIT PRODUCT CO. v. JUSTUS

[112 N.C. App. 495 (1993)]

McCRODDEN, Judge.

[1] The record on appeal in this case contains no certificate showing service of defendant's notice of appeal from the trial court. In *Hale v. Afro-American Arts International*, 110 N.C. App. 621, 430 S.E.2d 457 (1993), a panel of this Court held that when the record on appeal does not contain the certificate showing service of the notice of appeal, as required by N.C.R. App. P. 26(d), this Court obtains no jurisdiction over the appeal. At oral argument in this case, however, plaintiff's counsel acknowledged that defendant properly served it with the notice of appeal. We elect, therefore, to treat the attempted appeal in this case as a petition for writ of certiorari, which we grant.

[2] The primary issue we confront is whether plaintiff, a large producer of fruit juice products, is entitled to a "fruit juice" exemption under N.C.G.S. § 105-113.47 for juices sold under labels and brand names, including private label juice products, different from the one (White House Apple Juice) which it had registered for exemption.

The North Carolina legislature, through N.C. Gen. Stat. § 105-113.45 (1985), elected to subject all soft drinks, including fruit juices, to an excise tax. It also, however, elected to exempt some soft drinks from this tax. At all times relevant to this appeal, the applicable statute pertaining to exemptions provided:

(a) All bottled soft drinks containing thirty-five percent (35%) or more of natural fruit or vegetable juice . . . are exempt from the excise tax imposed by this Article, except that this exemption shall not apply to any fruit or vegetable juice drink to which has been added any coloring, artificial flavoring or preservative. Sugar, salt or vitamins shall not be construed to be an artificial flavor or preservative.

(b) Any bottled soft drink for which exemption is claimed under this section must be registered with the Secretary. *No bottled soft drink shall be entitled to the exemption until registration has been accomplished* by the filing of an application for exemption on such form as may be prescribed by the Secretary, which form shall include an affidavit setting forth the complete and itemized formula by volume of the drink therein referred to, and the failure to submit such affidavit shall be prima facie evidence that such bottled soft drink is not exempt.

NATIONAL FRUIT PRODUCT CO. v. JUSTUS

[112 N.C. App. 495 (1993)]

. . . [T]he Secretary or his duly authorized representative may at any time take samples of any product for which exemption has been claimed . . . for the purpose of ascertaining by analysis the contents thereof.

N.C.G.S. § 105-113.47 (emphasis added).

Defendant presents three arguments on appeal based upon three assignments of error. First, she argues that the trial court erred in ordering a refund of the taxes paid on the private label drinks because they had not been separately registered. In essence, defendant argues that each of plaintiff's private label products is a distinct soft drink that had to be individually registered, and, failing that, should have been subjected to the excise tax. We agree.

The statute is clear that no exemption may be obtained for a fruit juice "until registration has been accomplished . . . ." While the Secretary of the Department of Revenue (Secretary) may prescribe the form of such registration, the legislature mandates the inclusion of an affidavit setting forth the formula of the drink. One purpose of the registration, at least by implication, is that it puts the Secretary on notice that the exemption is being claimed, allowing her or her authorized representative, to take samples of the drink at any time to verify its composition.

The Secretary's registration form, not at issue here, has one blank for the brand name of the product and a number of blanks for the ingredients by volume. The form which plaintiff completed in 1969, and by which it seeks exemptions for all its apple juice products, listed the brand name as "White House," and the ingredients as "Apple Juice." Significantly, plaintiff also filed registration forms in May 1980 for "12/46 oz. White House Apple Juice," "12/32 oz. Town House Apple Juice," and "12/46 oz. Town House Apple Juice."

Plaintiff asserts that all of the apple juice it produces is fungible, is the same drink, and thus need not be registered separately when sold under different labels. This assertion, however, assumes that the Secretary is aware of all of plaintiff's apple juice products, regardless of their brand names, is aware of plaintiff's expected exemptions, and has periodically analyzed them for compliance with the law. This is an assumption we are unwilling to accept. Moreover, plaintiff's registration of several brand names in 1969 and 1980

belies its insistence that the statute requires only one registration of its product, regardless of brand name.

Plaintiff also contends that, under the statute, the failure to register a juice constitutes only *prima facie* evidence of non-exemption and that producers of such juices may, therefore, rebut this evidence. Plaintiff, however, misreads the statute. The statute states that failure to submit an *affidavit* shall be *prima facie* evidence that the drink is not exempt. The affidavit is only one part of the registration, and "[n]o bottled soft drink shall be entitled to the exemption until registration has been accomplished . . . ." Absent registration, with or without an affidavit, the Secretary would have no notice of the claimed exemption and would be unable to perform analyses necessary to verify exemption or prove non-exemption. Accordingly, we hold that the trial court erroneously determined that plaintiff's private label apple juice products do not require separate registration.

[3] For the foregoing reasons, we also conclude that the trial court erred in ordering a refund of the taxes plaintiff paid on its vitamin C fortified apple juice products, sold under different product and brand names. These too are separate drinks and must be registered separately.

Plaintiff asserts that the fact that Section 105-113.47(a) states that vitamins are not to be considered artificial ingredients indicates that vitamins are to be considered an integral part of the juice, and thus vitamin-added fruit juice is indistinguishable from non-fortified juice and need not be separately registered. The obvious purpose of this provision is to keep otherwise exempt fruit or vegetable juice from being considered non-exempt solely because it contains sugar, salt or vitamins. We hold that plaintiff's vitamin C-added juices sold under different product names must also be separately registered.

[4] Finally, we reject the trial court's determination that an exemption under the statute operates retroactively.

On 9 October 1987, within the audit period, plaintiff registered Harris Teeter brand "No Sugar Added Apple Juice" with defendant. Subsequently, defendant assessed plaintiff for excise taxes on drinks which plaintiff had sold prior to their registration, including Harris Teeter No Sugar Added Apple Juice. However,

the trial court ordered a refund of all excise taxes paid on this drink, including taxes paid prior to its registration.

The language of the statute is clear and unambiguous; "[n]o bottled soft drink shall be entitled to the exemption *until registration has been accomplished* . . . ." N.C.G.S. § 105-113.47(b) (emphasis added). Quite simply, this means that until a drink is registered, it is taxable.

Throughout its brief, plaintiff has relied upon the case of *Food House, Inc. v. Coble, Sec. of Revenue,* 289 N.C. 123, 221 S.E.2d 297 (1976), a case in which the North Carolina Supreme Court considered the application of the statute at issue here. The Court stated that the sale of bottled fruit juice was not a taxable event. *Id.* at 136, 221 S.E.2d at 306. Although this dictum would seem to imply that the sale of fruit juice is not taxable *ab initio*, we believe that *Food House* is distinguishable from the case at hand. In *Food House*, the issue the Court faced was whether frozen concentrated orange juice could be exempted at all. In reaching its conclusion that frozen concentrated orange juice was exempt, the Court never addressed subsection (b) of N.C.G.S. § 105-113.47, dealing with registration. We find that the statement in *Food House* to the effect that sales of fruit juice are not taxable events does not control our decision today.

Section 105-113.47(b) is unequivocal in its terms. "If the language of a statute is clear and unambiguous, judicial construction is unnecessary and its plain and definite meaning controls." *Food House*, 289 N.C. at 134-35, 221 S.E.2d at 304. In this instance the plain meaning of the statute is that a producer of allegedly exempt fruit juices is not entitled to the exemption *until* it registers its products. The absolute language of the statute demonstrates the intention of the General Assembly to encourage soft drink manufacturers to register for exemptions contemporaneously with the first sale of such allegedly exempt drinks. This intention is further borne out by the fact that the Secretary has the responsibility to analyze the contents of soft drinks for which exemption has been sought, N.C.G.S. § 105-113.47(b), and, absent registration, cannot fulfill this responsibility. To accept plaintiff's contention would be to allow a manufacturer to sell a soft drink, subsequently apply for an exemption for the drink in its then existing form, earn an exemption and have that exemption apply to sales of soft drinks which the Secretary was unable to analyze because an exemption had not

HIEB v. ST. PAUL FIRE & MARINE INS. CO.

[112 N.C. App. 502 (1993)]

yet been claimed. This we refuse to do. We hold that plaintiff was not entitled to a refund of excise taxes paid prior to the registration for exemption.

In summary, we conclude that plaintiff must separately register its private label drinks and its vitamin C-added fruit juices with defendant and that plaintiff is not entitled to a refund as to that portion of excise taxes paid for the period prior to such registration. We reverse the judgment of the trial court and remand for entry of judgment, consistent with this opinion, for defendant.

Reversed and remanded.

Judges JOHNSON and COZORT concur.