JOHN R. SEXTON & CO. v. JUSTUS

[116 N.C. App. 293 (1994)]

———————

JOHN R. SEXTON & CO. PLAINTIFF v. BETSY Y. JUSTUS, SECRETARY OF THE NORTH CAR-
OLINA DEPARTMENT OF REVENUE, DEFENDANT

No. 9318SC1127

(Filed 6 September 1994)

1.  **Taxation § 173 (NCI4th)— tax exemption—registration of product not retroactive**

    Registration of a product eligible for exemption from the soft drink tax does not operate retroactively.

**Am Jur 2d, State and Local Taxation §§ 612, 613.**

2. **Taxation § 173 (NCI4th)— fruit and vegetable juice concentrates—registration not required—exemption from taxation**

Plaintiff's fruit and vegetable juice concentrates were exempt from taxation, even though they were not registered, where the Soft Drink Tax Act, as it existed at the relevant time period, and caselaw did not clearly require registration.

**Am Jur 2d, State and Local Taxation §§ 612, 613.**

Appeal by defendant from order entered 23 July 1993 by Judge Russell G. Walker, Jr. in Guilford County Superior Court. Heard in the Court of Appeals 8 June 1994.

*Smith Helms Mulliss & Moore, L.L.P., by Mack D. Pridgen, III and Bruce P. Ashley, for plaintiff-appellee.*

*Attorney General Michael F. Easley, by Associate Attorney General Kay Linn Miller, for defendant-appellant.*

LEWIS, Judge.

On 24 November 1992, plaintiff, a Delaware corporation doing business in North Carolina, filed this action against Betsy Y. Justus as the Secretary of the Department of Revenue (hereinafter "defendant"), seeking a refund of soft drink taxes it paid under protest in July 1992. We note that Janice H. Faulkner has since replaced Justus as Secretary of the Department of Revenue. The trial court granted summary judgment for plaintiff and denied summary judgment for defendant. Defendant now appeals, alleging that the court erred in ordering the refund.

The parties stipulated to the following:

Plaintiff is in the business of food service distribution, and distributes both ready-to-drink and concentrated drink products throughout North Carolina. The Department of Revenue (hereinafter "the department") performed a Soft Drink Excise Tax Audit of plaintiff covering the period from 1 May 1985 to 30 September 1988. As a result, the department issued a Notice of Tax Assessment, pursuant to the Soft Drink Tax Act (hereinafter "the Act"), to plaintiff on 30 November 1988, assessing a total of $57,620.91, which included additional soft drink excise taxes, interest and penalties.

## JOHN R. SEXTON & CO. v. JUSTUS

[116 N.C. App. 293 (1994)]

On 5 June 1992 plaintiff filed an objection to the assessment and an application for a hearing with the department. Plaintiff claimed that its fruit and vegetable juice concentrated products were exempt from taxation, and that registration of these products was not required under the Act. Plaintiff's request for rescission of the assessment was denied, and plaintiff paid the tax under protest on 14 July 1992. On 10 August 1992 the department denied plaintiff's claim for a refund. On 24 November 1992 plaintiff filed the complaint in the present action in Guilford County Superior Court, seeking a refund of those taxes paid on the sale of concentrated products. On 23 July 1993 the trial court entered summary judgment for plaintiff and ordered a refund of all taxes, interest and penalties.

On appeal defendant contends that the trial court erred in ordering the refund, because the concentrated products did not qualify for exemption without proper registration as provided in the Act. Although the concentrated products were later registered, defendant contends that registration is not retroactive.

Plaintiff, on the other hand, contends that the concentrated products were either exempt from taxation *per se* or based on subsequent registration. Plaintiff argues that the statute, as interpreted by defendant, would be unconstitutionally vague.

[1] At the outset, we note that registration of a product eligible for exemption does not operate retroactively. *National Fruit Prod. Co. v. Justus*, 112 N.C. App. 495, 436 S.E.2d 156 (1993), *disc. review denied*, 335 N.C. 771, 442 S.E.2d 519 (1994). Plaintiff's subsequent registration of its concentrated products effected no exemption.

[2] In order to determine whether plaintiff's concentrated products were otherwise exempt from taxation we examine the provisions of the Soft Drink Tax Act as well as two cases, *Institutional Food House, Inc. v. Coble*, 289 N.C. 123, 221 S.E.2d 297 (1976), and *National Fruit Products Co. v. Justus*, 112 N.C. App. 495, 436 S.E.2d 156 (1993), *disc. review denied*, 335 N.C. 771, 442 S.E.2d 519 (1994). The Soft Drink Tax Act imposes an excise tax upon "the sale, use, handling and distribution of all soft drinks, soft drink syrups and powders, base products and other items." N.C.G.S. § 105-113.45 (1985) (amended 1992) (All references are to the 1985 version of the Act. The 1979 version was in effect until November 1985, and was therefore in effect for part of the period in question in this case. However, the relevant sections of the 1979 and 1985 versions are the same. We will therefore refer only to the 1985 version of the Act). Concentrated

products are included in the definition of base products and, as such, are taxable. § 105-113.44(1).

Certain drinks are exempt from the provisions of the Act. Section 105-113.47(a) provides that "[a]ll bottled soft drinks containing thirty-five percent (35%) or more of natural fruit or vegetable juice and all bottled natural liquid milk drinks containing thirty-five percent (35%) or more of natural liquid milk, are exempt from the excise tax." Part (b) of that statute provides that any bottled soft drink for which an exemption is claimed "must be registered with the Secretary. No bottled soft drink shall be entitled to the exemption until registration has been accomplished . . . ." § 105-113.47(b).

Noticeably absent from this version of the Act is a reference to concentrates in the exemption provision. Although the statute has been amended to clearly include concentrates in its exemption and registration provisions, *see* N.C.G.S. §§ 105-113.46, -113.47 (1992), under the former version only "bottled soft drinks" were entitled to an exemption. Concentrates were only mentioned as base products, which were taxable. §§ 105-113.44(1), -113.45(a). Thus, according to the statute, concentrates were not eligible for exemption during the period in question.

However, in addition to reading the statute, we must examine caselaw interpreting the statute. In *Institutional Food House, Inc. v. Coble*, 289 N.C. 123, 221 S.E.2d 297 (1976), the issue before the Supreme Court was whether the sale of frozen concentrated orange juice was a taxable event under the Act. *Id.* at 131, 221 S.E.2d at 302. The Court noted that the sale of natural orange juice and bottled fruit juice drink containing 35 percent or more natural orange juice is not a taxable event, and found that the legislature intended to exclude from taxation "the sale of all natural fruit juices, however packaged." *Id.* at 136-37, 221 S.E.2d at 305. The Court further stated that "[t]axation of frozen concentrated orange juice as a 'base product' is contrary to such intent and largely nullifies the exemption contained in [section 105-113.47(a)]." *Id.* at 137, 221 S.E.2d at 305. The Court determined that concentrates were not taxable as either base products or soft drink syrups, and concluded that base products were taxable only "when used to complete a soft drink which, if sold bottled, would be subject to the tax." *Id.* at 137, 221 S.E.2d at 306. According to the Court,

> Unless a soft drink is subject to taxation if sold bottled, its ingredients cannot be taxed. Since natural orange juice is exempt from

taxation when sold bottled, it follows that frozen concentrated orange juice, as an ingredient of natural orange juice, cannot be taxed under the Act. Frozen concentrated orange juice . . . is exempt from taxation unless color, artificial flavoring or preservative has been added to it.

*Id.* at 138, 221 S.E.2d at 306. The Court did not indicate whether concentrated orange juice would have to be registered to qualify for exemption.

This Court recently addressed the registration requirement of the exemption provision in *National Fruit Product Co. v. Justus,* 112 N.C. App. 495, 436 S.E.2d 156 (1993), *disc. review denied,* 335 N.C. 771, 442 S.E.2d 519 (1994). In that case the taxpayer-plaintiff, relying upon *Institutional Food House,* asserted that certain of its fruit juices were exempt from taxation and did not have to be separately registered. *Id.* at 500, 436 S.E.2d at 159. The *National Fruit* Court noted that *Institutional Food House* stated that the sale of bottled fruit juice was not a taxable event. *Id.* at 501, 436 S.E.2d at 159. However, the *National Fruit* Court rejected the proposition that the sale of bottled fruit juice was not a taxable event *ab initio,* emphasizing that *Institutional Food House* did not address the registration requirement at all. *Id.* The *National Fruit* Court held that "the plain meaning of the statute is that a producer of allegedly exempt fruit juice is not entitled to the exemption *until* it registers its products." *Id.* The Court explained that registration is necessary because it enables the Secretary to analyze the contents of soft drinks in order to verify whether they qualify for exemption. *Id.* at 501, 436 S.E.2d at 159-60.

In the case at hand, plaintiff defends the trial court's decision to award it a refund by arguing that *Institutional Food House* created a blanket exemption for fruit juice concentrates from being taxed under the Act. Plaintiff emphasizes that *Institutional Food House* did not mention the registration requirement, and contends that *National Fruit* did not impose a registration requirement for concentrates, because it only dealt with the issue of registration of bottled fruit juices. Thus, neither the statute nor the relevant caselaw established a rule requiring registration of concentrates before exemption.

Defendant, on the other hand, argues that plaintiff is not entitled to the tax refund because, even if the concentrates qualified for exemption, plaintiff's failure to register them precluded that possibility. According to defendant, *Institutional Food House* merely provid-

ed that the exemption available for bottled soft drinks would also be available for concentrates, as long as they otherwise met the requirements for exemption. Concentrates not meeting the exemption criteria would still be taxable as base products. The test set forth in *Institutional Food House* is whether a base product or concentrate would be used to complete a drink which, if sold bottled, would be subject to the tax. If the bottled drink would be exempt, so would the base product. Defendant points out that a bottled drink would have to be registered to be exempted. Thus, a concentrate should have to be registered as well.

We agree with defendant that *Institutional Food House* did not provide a blanket exemption for fruit and vegetable juice concentrates. It is clear from that opinion that some concentrates would not qualify for the exemption. The Court gave an example when it stated that frozen concentrated orange juice would be exempt from taxation "*unless* color, artificial flavoring or preservative has been added to it." 289 N.C. at 138, 221 S.E.2d at 306 (emphasis added).

We cannot conclude, however, that the law clearly required registration of concentrates during the relevant time period. The statute did not mention concentrates in the exemption and registration provision. Although *Institutional Food House* provided that concentrates could qualify for exemption, the Court said nothing about requiring registration of concentrates. While *National Fruit* states the general rule that natural juice drinks must be registered in order to claim an exemption, it did not address concentrates. Thus, the taxpayer would have to draw an inference from the statute and caselaw that concentrates must be registered to qualify for exemption. We recognize that exemption provisions in taxing statutes are to be construed against the taxpayer if the intent of the legislature is not clear. *Institutional Food House*, 289 N.C. at 135, 221 S.E.2d at 304. Even so, we do not believe that this rule requires the taxpayer to divine a requirement not clearly stated.

We are not unmindful of the fact that our interpretation of the law permitting exemption without registration allows a taxpayer to take advantage of a loophole in the law by simply claiming an exemption for fruit or vegetable juice concentrates without having to prove the requisite natural juice content. We conclude, however, that it was up to the legislature to clarify any confusion created by *Institutional Food House*. Although the legislature did eventually amend the Act to

address exemption and registration of concentrates, such amendments had no effect on the period in question.

The decision of the trial court ordering a refund is hereby

Affirmed.

Judges EAGLES and COZORT concur.