JOHN R. SEXTON & CO. v. BETSY Y. JUSTUS, Secretary of the North Carolina Department of Revenue

No. 523PA94

(Filed 8 December 1995)

### Taxation § 173 (NCI4th)— soft-drink excise tax—exemption—registration of product

Plaintiff was not entitled to a refund of taxes paid under protest pursuant to the Soft Drink Tax Act where the taxes were assessed against plaintiff for sales of specific concentrated juice products from 1 May 1985 through 30 September 1988. While the N.C. Supreme Court held in *Institutional Food House, Inc. v. Coble*, 289 N.C. 123, that the Legislature had intended to grant an exemption for concentrated products, the Court was of the opinion that the taxation of any concentrated product necessarily depended upon whether that product would be taxed when sold bottled and did not intend to imply that the Act granted an unqualified total exemption for concentrated products or any other type of soft drink ingredient. A registration requirement was implicit in *Institutional Food House*, the Soft Drink Tax Act, and the Administrative Code, and the legislative history of the 1991 amendments to the Act establish that the change was enacted as a clarification of existing law requiring registration and was not meant to impose a new substantive registration requirement for concentrated products. N.C.G.S. § 105-113.47.

### Am Jur 2d, State and Local Taxation §§ 28-30.

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 116 N.C. App. 293, 447 S.E.2d 808 (1994), affirming summary judgment entered in favor of plaintiff by Walker, J., on 23 July 1993, in Superior Court, Guilford County. Heard in the Supreme Court 9 October 1995.

JOHN R. SEXTON & CO. v. JUSTUS

[342 N.C. 374 (1995)]

*Smith Helms Mulliss & Moore, L.L.P., by Mack D. Pridgen, III, and Bruce P. Ashley, for plaintiff-appellee.*

*Michael F. Easley, Attorney General, by Kay Linn Miller Hobart, Assistant Attorney General, for defendant-appellant.*

MITCHELL, Chief Justice.

The issue presented in this appeal is whether the Department of Revenue ("Department") must refund taxes paid under protest pursuant to the Soft Drink Tax Act, N.C.G.S. §§ 105-113.41 to .43 (Supp. 1994), .44 to .47 (1992), by John R. Sexton & Co. ("Sexton"), a Delaware corporation doing business in North Carolina. For the reasons that follow, we conclude that the Department properly assessed the excise taxes and that Sexton is not entitled to a tax refund.

On 30 November 1988, the Department conducted a Soft Drink Tax Audit of Sexton, a food service distribution company. Following the audit, the Department issued a Soft Drink Excise Tax Audit Report and a Notice of Tax Assessment to Sexton pursuant to N.C.G.S. § 105-241.1. By this notice, additional soft drink excise taxes were assessed against Sexton for sales of specific concentrated juice products covering the period from 1 May 1985 through 30 September 1988. Interest and penalties were also assessed against Sexton.

On 5 June 1992, Sexton filed an objection to the assessment and an application for a hearing with the Department. By this objection, Sexton sought rescission of the assessment with respect to the concentrated products sold by Sexton on the ground that such concentrated products were exempt from taxation pursuant to N.C.G.S. § 105-113.47. Sexton additionally contended that the Soft Drink Tax Act did not require registration of these concentrated products in order to receive an exemption from taxation. The Department denied Sexton's request for rescission of the assessment, and Sexton paid the taxes, interest, and penalties under protest.

On 14 July 1992, Sexton filed a claim for refund pursuant to N.C.G.S. § 105-267. The Department denied this claim on 10 August 1992. Thereafter, Sexton filed suit in Superior Court, Guilford County, seeking the return of the taxes assessed on its sales of concentrated products. The trial court granted summary judgment in favor of Sexton and denied summary judgment in favor of the Department. The Department then appealed to the Court of Appeals, alleging that the trial court had erred in ordering the refund. In a unanimous deci-

sion, the Court of Appeals affirmed the trial court. *John R. Sexton & Co. v. Justus*, 116 N.C. App. 293, 447 S.E.2d 808 (1994).

The Department contends that both the trial court and the Court of Appeals erred in ordering the refund. The Department argues that the concentrated products in question did not qualify for exemption without proper registration as required under the Soft Drink Tax Act ("Act"). In response, Sexton argues that the statute did not explicitly require registration of concentrated products and, thus, that no taxpayer was required to register a claim of exemption for concentrates in order to receive the tax exemption. Sexton also argues that the statute as interpreted by the Department is unconstitutionally vague.

We note that in 1991 the General Assembly amended the Act to make registration of concentrated products with the Department a prerequisite to receiving a tax exemption under the Act. *See* N.C.G.S. § 105-113.47(a)(3). This legislative clarification does not expressly apply to the dispute in the case *sub judice*, however, because the excise taxes at issue here were assessed against Sexton for sales of concentrated products during the period from 1 May 1985 through 30 September 1988. Thus, except where specifically noted otherwise, we refer to the 1985 version of the Act and administrative rules existing during the relevant taxation period as primary authority. N.C.G.S. ch. 105, art. 2B, §§ 105-113.41 to .67 (1985).

The Soft Drink Tax Act, enacted in 1969, imposes a tax "upon the sale, use, handling and distribution of all soft drinks, soft drink syrups and powders, base products," and other specified soft drink items. N.C.G.S. § 105-113.45(a). During the relevant taxation period, the statute defined "base products" to mean "hot chocolate flavored drink mix, flavored milk shake bases, concentrate products to which milk or other liquid is added to complete a soft drink, and all like items or products as herein defined which will be taxed as syrups." N.C.G.S. § 105-113.44(1). The Act also provided that:

> All bottled soft drinks containing thirty-five percent (35%) or more of natural fruit or vegetable juice . . . are exempt from the excise tax imposed by this Article, except that this exemption shall not apply to any fruit or vegetable juice drink to which has been added any coloring, artificial flavoring or preservative.

N.C.G.S. § 105-113.47(a). In order to receive this exemption, however, a taxpayer was required to register with the Secretary of Revenue. The Act provided that "[n]o bottled soft drink shall be entitled to the

exemption until registration has been accomplished by the filing of an application for exemption on such form as may be prescribed by the Secretary." *Id.* § 105-113.47(b). Thus, while the 1985 version of the Act did not explicitly provide an exemption for *concentrated products*, it did provide that before any *bottled soft drink* was entitled to an exemption, it must be registered.

Despite the absence of specific statutory language providing an exemption for concentrated products, this Court concluded in *Institutional Food House, Inc. v. Coble*, 289 N.C. 123, 221 S.E.2d 297 (1976) that the legislature had intended to grant an exemption for concentrated products. We held that concentrates, defined by the statute as a base product, are "taxable as such only when used to complete a soft drink which, if sold bottled, would be subject to the tax." *Id.* at 137, 221 S.E.2d at 306. In reaching this conclusion, we noted that the Act establishes a bifurcated scheme of taxation whereby "bottled soft drinks" were subject to a tax in one section, N.C.G.S. § 105-113.45(b), and "soft drink syrups," "soft drink powders," "simple syrups," and "base products" were subject to a tax in other sections, N.C.G.S. § 105-113.45(c), (d). *Id.* at 136, 221 S.E.2d at 305. We said:

> The effect of this scheme is to tax the sale or distribution of the soft drink itself when practical but tax the sale or distribution of the *ingredients* thereof when this would be impractical. . . . Accordingly, base products and other specified ingredients used to complete soft drinks intended for open-cup [fountain drink] sales are taxed in lieu of the open-cup drink itself. Since these *same soft drink ingredients* are excluded from taxation when used in the manufacture of "bottled soft drinks" . . . , the clear implication is that sales of these ingredients are taxable only when intended for use in a soft drink which, if sold "bottled," would be subject to the tax.

*Id.* at 138, 221 S.E.2d at 306 (citation omitted). Therefore, we concluded that because natural orange juice met the exemption requirement under the statute *when sold bottled*, "it follows that frozen concentrated orange juice, as an ingredient of natural orange juice, cannot be taxed under the Act." *Id.* This conclusion logically remedied the disparate treatment of concentrated fruit juices and bottled (ready-to-drink) fruit juices by extending the exemption provisions of N.C.G.S. § 105-113.47(a) to both.

Both Sexton and the Department argue that *Institutional Food House* is determinative to the outcome in the case *sub judice*, yet each party reads that case differently. Sexton argues that *Institutional Food House* grants a blanket exemption from taxation for concentrates and that because this Court did not mention a registration requirement in that case, no taxpayer had to register in order to receive an exemption for concentrates. Sexton's interpretation arises in part from the manner in which we posed and answered a question at the beginning of *Institutional Food House*: "Did the Legislature intend, by this statutory scheme, to treat frozen concentrated orange juice as either a 'base product' or a 'soft drink syrup' and impose the soft drink excise tax upon it? For the reasons which follow, the answer is no." *Id.* at 136, 221 S.E.2d at 305. We agree that this question and answer, read too broadly, would appear to provide a blanket tax exemption for Sexton's concentrated products. However, a complete examination of *Institutional Food House* reveals that we were of the opinion that the taxation of any concentrated product necessarily depended upon whether that product would be taxed *when sold bottled*. In other words, to receive an exemption for concentrated products or any other base product, the product had to meet the exemption requirements in its reconstituted form as a bottled drink. Because natural orange juice qualified for the statutory exemption when sold bottled, we concluded that the frozen concentrated orange juice at issue in *Institutional Food House* was also exempt. This Court did not intend to imply that the Act granted an unqualified total exemption for concentrated products or any other type of soft drink ingredient.

More important to the case *sub judice*, however, is Sexton's argument—adopted by the Court of Appeals—that because *Institutional Food House* did not mention a registration requirement for the concentrated orange juice that we found to be exempt, no registration requirement exists for such concentrated products. For the reasons that follow, we reject this argument. We conclude, instead, that a registration requirement was implicit in our decision in *Institutional Food House*, the Soft Drink Tax Act, and a relevant rule from the North Carolina Administrative Code.

The question for appellate review in *Institutional Food House* did not involve the registration requirement of the Act. Nevertheless, our holding in that case implicitly acknowledged that registration of a product that a taxpayer contends is exempt under the Act is a prerequisite to receiving an exemption for that product. Any other inter-

JOHN R. SEXTON & CO. v. JUSTUS

[342 N.C. 374 (1995)]

pretation creates a loophole in the Act, allowing a taxpayer to simply claim an exemption for concentrates without having to prove the content of the product to the Department. While the Court of Appeals interpreted *Institutional Food House* to create such a loophole, we find that court's reasoning unpersuasive.

Sexton does not dispute the fact that at the time of our decision in *Institutional Food House*, the Act required taxpayers to register bottled soft drinks and juices for which an exemption was claimed. *See* N.C.G.S. § 105-113.47(b). Those requirements were specific and detailed, providing that

> [n]o bottled soft drink shall be entitled to the exemption until registration has been accomplished by the filing of an application for exemption on such form as may be prescribed by the Secretary, which form shall include an affidavit setting forth the complete and itemized formula by volume of the drink therein referred to, and the failure to submit such affidavit shall be prima facie evidence that such bottled soft drink is not exempt. All bottled soft drinks which are not so registered and do not have affixed thereto the proper stamps or crowns shall be subject to confiscation. The Secretary or his duly authorized representative may at any time check the formulas or the manufacturing of such bottled soft drinks for which exemption is claimed under this section and in addition thereto, the Secretary or his duly authorized representative may at any time take samples of any product for which exemption has been claimed. . . . The sample shall be clearly marked for identification and such sample may be turned over to any registered chemist designated by the Secretary for the purpose of analysis.

*Id.* After we determined that an exemption for concentrated products depended upon whether the products would be exempt when sold in bottles, we contemplated that a taxpayer would adhere to these statutory instructions for registering bottled products. To find that this Court intended to allow taxpayers to claim an exemption for concentrates without registration in light of this detailed statutory registration process for bottled soft drinks is incongruous with our duty to read the various subsections of the Act as parts of a composite whole.

Moreover, our conclusion is supported by a relevant administrative rule in effect throughout the taxation period in question. The rule, entitled "Exemption of Concentrated Juices Determined," provided in part:

> *Registration of concentrated juice products shall be subject to the same regulations as for bottled (closed container) soft drinks under G.S. 105-113.47. Any concentrated frozen or unfrozen fruit or vegetable juice for which exemption is claimed shall be registered with the Secretary* on Form B-B-50, Application for Registration of Concentrated Frozen or Unfrozen Fruit or Vegetable Juice for Exemption from the Soft Drink Excise Tax. Three copies of the label which will be affixed to the product or sample of the physical package showing weight and content and supporting the claim for exemption must accompany each application.

17 NCAC 4D .0507 (July 1984) (emphasis added). The construction adopted by the administrators who execute and administer a law in question is one consideration where an issue of statutory construction arises. *MacPherson v. City of Asheville*, 283 N.C. 299, 307, 196 S.E.2d 200, 206 (1973). We have said that such construction is entitled to "due consideration," *Faizan v. Grain Dealers Mut. Ins. Co.*, 254 N.C. 47, 57, 118 S.E.2d 303, 310 (1961), and that it is "strongly persuasive," *Shealy v. Associated Transport, Inc.*, 252 N.C. 738, 742, 114 S.E.2d 702, 705 (1960), or even *"prima facie* correct," *In re Vanderbilt Univ.*, 252 N.C. 743, 747, 114 S.E.2d 655, 658 (1960). *See also* N.C.G.S. § 105-264 (Supp. 1994) ("An interpretation by the Secretary [of Revenue] is prima facie correct. When the Secretary interprets a law by adopting a rule or publishing a bulletin on the law, the interpretation is a protection to the officers and taxpayers affected by the interpretation. . . ."). With these rules of statutory construction in mind, we conclude that implicit in the Department of Revenue's rule was the understanding that registration of concentrated products is a prerequisite to exemption. Not only did the rule give notice that concentrated juice products were subject to the same detailed regulations as bottled drinks under N.C.G.S. § 105-113.47, it specifically referred taxpayers wishing to claim an exemption for concentrates to Form B-B-50. Thus, the Department clearly intended that taxpayers register concentrated products, which this Court found eligible for exemption in *Institutional Food House*, before claiming an exemption from taxation under the Act.

We find additional evidence that Sexton was on notice that the Department required registration for concentrates in the legislative history of the 1991 amendments to the Act. Legislative history is one factor that may be given some weight in determining legislative intent. *State ex rel. N.C. Milk Comm'n v. National Food Stores*, 270

N.C. 323, 154 S.E.2d 548 (1967). "Courts may use subsequent enactments or amendments as an aid in arriving at the correct meaning of a prior statute by utilizing the natural inferences arising out of the legislative history as it continues to evolve." *Burgess v. Your House of Raleigh, Inc.*, 326 N.C. 205, 216, 388 S.E.2d 134, 141 (1990); *accord Victory Cab Co. v. City of Charlotte*, 234 N.C. 572, 576, 68 S.E.2d 433, 436 (1951).

As previously noted, the General Assembly amended the Act in 1991 to expressly provide that registration of concentrated products with the Department is a prerequisite to receiving a tax exemption under the Act. *Compare* N.C.G.S. § 105-113.47 (1985) *with* N.C.G.S. § 105-113.47 (1992). The legislature stated:

> The Secretary of Revenue shall review the registrations of bottled soft drinks *and juice concentrates* made under G.S. 105-113.47 before the effective date of this Part. The Secretary shall notify those registrants who no longer appear to meet the exemption criteria that, for the bottled soft drink *or juice concentrate* to continue to be exempt from the excise tax imposed by [the Soft Drink Tax Act], *a new registration* application must be submitted. The excise tax imposed by [the Soft Drink Tax Act] applies to a *previously registered* bottled soft drink or juice *concentrate* unless the Secretary determines from the new application that the bottled soft drink or juice concentrate *continues* to meet the exemption criteria.

Act of July 13, 1991, ch. 689, sec. 288, 1991 N.C. Sess. Laws 2157 (emphasis added). These special instructions to the Secretary of Revenue from the legislature establish that the 1991 amendment to N.C.G.S. § 105-113.47 was enacted as a clarification of existing law requiring registration, and was not meant to impose a new substantive registration requirement for concentrated products. In other words, because section 288 clearly instructs the Department to review the registration applications for concentrates made by taxpayers under the Act prior to the amendment, the logical conclusion is that taxpayers previously had been required to register concentrated products in order to claim an exemption. Thus, we conclude that the legislature, through the 1991 amendment, simply clarified that the Act already required that taxpayers must register concentrated products, which this Court had held to be eligible for exemption in *Institutional Food House*, before being entitled to an exemption from taxation under the Act.

The Court of Appeals erroneously affirmed the decision of the trial court granting summary judgment in favor of Sexton and denying summary judgment in favor of the Department. Because the parties have stipulated to the nature and substance of the concentrated products and to all other material facts, we reverse the holding of the Court of Appeals and remand this case to that court for further remand to the trial court for entry of summary judgment in favor of the Department.

REVERSED AND REMANDED.