IN THE MATTER OF: APPEAL OF ROSCOE FRIZZELLE FROM THE DECISION OF THE
ONSLOW COUNTY BOARD OF EQUALIZATION AND REVIEW DENYING PRESENT-USE VALUE
CLASSIFICATION FOR YEAR 2000 AND THE CORRESPONDING ROLLBACK

No. COA01-1167

(Filed 16 July 2002)

**Taxation— property—present-use value classification— agricultural**

The Property Tax Commission did not err by denying a taxpayer present-use value classification of his property in Onslow County as agricultural even though the taxpayer contends the land is part of his larger Harnett County farm unit, because: (1) the legislature did not intend to allow agricultural tax breaks for landowners who lump significantly smaller tracts of land across North Carolina with just one being ten acres, even if there is little or no actual farming on the smaller tracts; (2) there is competent evidence to establish that the taxpayer's Onslow County land, which falls below the ten-acre requirement, is more than 100 miles from the taxpayer's land in Harnett County and that only a fraction of the Onslow County land is utilized for the growing of crops; (3) where it is not clear, tax exemptions are strictly construed against the taxpayer in favor of the State; and (4) the taxpayer has not shown an arbitrary method of valuation was used, and the Commission's decision has a rational basis.

Appeal by taxpayer from judgment entered 3 May 2001 by Commissioner Terry L. Wheeler of the Property Tax Commission. Heard in the Court of Appeals 23 May 2002.

*Roger A. Moore for appellee Onslow County.*

*Bain & McRae, by Edgar R. Bain and Alton D. Bain, for appellant taxpayer.*

THOMAS, Judge.

Taxpayer, Roscoe Frizzelle, appeals the decision of the Property Tax Commission that his land in Onslow County, North Carolina, does not meet the requirements for agricultural classification. For the reasons discussed herein, we affirm.

The pertinent facts are as follows: The tract at issue is 7.99 acres. Prior to 1 January 2000, the land was assessed under present-use

## IN RE APPEAL OF FRIZZELLE

[151 N.C. App. 552 (2002)]

value status, agricultural classification. After that date, the Onslow County Tax Administrator determined that the property did not meet minimum standards for present-use value classification and would be taxed at a higher market value rate.

On 12 April 2000, Frizzelle appeared before the Onslow County Board of Equalization and Review challenging the removal of the property from the present-use value classification. He contended it qualified for agricultural classification under the North Carolina Machinery Act (N.C. Gen. Stat. §§ 105-277.2 et. seq.). The Board rejected Frizzelle's arguments and found that the best use of the property was for residential development. He appealed to the North Carolina Property Tax Commission.

The Commission found that the property does not qualify for present-use value status, agricultural classification, because it is not part of a farm unit that is actively engaged in the commercial production of growing crops. Further, a farm must be at least ten acres. *See* N.C. Gen. Stat. § 105-277.3(a)(1) (2001). Frizzelle testified he owns only 7.99 acres in Onslow County, with the Commission finding that the recorded deed supports Frizzelle's contention. Frizzelle, however, argued that despite the tract being less than ten acres, it is part of a farm unit involving his other land in Harnett, Beaufort, and Hyde Counties. The Commission concluded that Frizzelle failed to produce competent, material, and substantial evidence to show that his property is agricultural land that is part of a farm unit actively engaged in the commercial growing of crops. The Commission upheld the Board's denial of present-use value classification for the tax year 2000. Frizzelle appeals.

By his sole assignment of error, Frizzelle contends the Commission erred in denying present-use value classification of his property. We disagree.

The standard of appellate review for property valuations is set forth in N.C. Gen. Stat. § 105-345.2(b), which provides that this Court "shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning and applicability of the terms of any Commission action." N.C. Gen. Stat. § 105-345.2(b) (1999). This Court has the authority to reverse, remand, modify, or declare void any Commission decision which is:

(1) In violation of constitutional provisions;

(2) In excess of statutory authority or jurisdiction of the Commission;

(3) Made upon unlawful proceedings;

(4) Affected by other errors of law;

(5) Unsupported by competent, material and substantial evidence in view of the entire record as submitted; or

(6) Arbitrary or capricious.

*Id.* We must "review the decision of the Commission analyzing the 'whole record' to determine whether the decision has a rational basis in evidence." *In re Appeal of Owens*, 144 N.C. App. 349, 351, 547 S.E.2d 827, 828, *appeal dismissed, rev. denied*, 354 N.C. 361, 556 S.E.2d 575 (2001).

There is a presumption that tax assessments are correct and that the assessors acted in good faith in reaching a valid decision. *Id.* However, the presumption is rebutted where a taxpayer can "show that an illegal or arbitrary method of valuation was used, and that the assessed value substantially exceeds the properties [sic] fair market value." *Id.* (citing *In re Appeal of AMP, Inc.*, 287 N.C. 547, 563, 215 S.E.2d 752, 762 (1975)) (emphasis omitted).

The owner of agricultural, forest or horticultural lands may apply to have the lands appraised at their present-use value, a value lower than the market value of the property. Agricultural land, for classification, is defined as:

Individually owned agricultural land consisting of one or more tracts, one of which consists of *at least 10 acres* that are in actual production and that, for the three years preceding January 1 of the year for which the benefit of this section is claimed, have produced an average gross income of at least one thousand dollars ($1,000). Gross income includes income from the sale of the agricultural products produced from the land and any payments received under a governmental soil conservation or land retirement program. Land in actual production includes land under improvements used in the commercial production or growing of crops, plants, or animals.

N.C. Gen. Stat. § 105-277.3(a)(1) (1999) (emphasis added). Thus, the minimum standards for agricultural classification are: (1) individually

owned land; (2) one or more tracts; (3) one of which is at least ten acres; (4) one that is in actual production; and (5) one that has produced at least $1,000 in average gross income during the preceding three years. Additionally, section 105-277.2 requires that each tract must be under a sound management program:

> The following definitions apply in G.S. 105-277.3 through G.S. 105-277.7:

> (1) Agricultural land.—Land that is a part of a farm unit that is actively engaged in the commercial production or growing of crops, plants, or animals under a sound management program. Agricultural land includes woodland and wasteland that is a part of the farm unit, but the woodland and wasteland included in the unit shall be appraised under the use-value schedules as woodland or wasteland. A farm unit may consist of more than one tract of agricultural land, but at least one of the tracts must meet the requirements in G.S. 105-277.3(a)(1), and each tract must be under a sound management program.

N.C. Gen. Stat. § 105-277.2 (2001).

Frizzelle argues that because he owns over 100 acres in Harnett County, with the Onslow County land merely a part of the Harnett County tract, he has complied with section 105-277.3(a)(1).

However, Kenneth L. Joyner, Jr., the tax administrator for Onslow County, testified that the allowance of multiple tracts as a unit was not meant to link farms a hundred or more miles apart. A farm unit, he contends, is one in which a farmer could feasibly drive his tractor from one tract to another and use the same farming equipment on all of the land. He further testified that only 0.23 of an acre in Onslow County was devoted to growing tobacco. Even under Frizzelle's testimony, the amount is no higher than 0.8 of an acre.

Frizzelle's position would allow agricultural tax breaks for landowners, both large and small, who lump significantly smaller tracts of land across North Carolina with just one being ten acres, even if there is little or no actual farming on the smaller tracts. We do not believe this was the legislative intent behind the Machinery Act. In complying with the previously stated statutory requirements, the tracts should at least have a rational relationship with each other in order to comprise a tract within a farm unit. By their definitions, there must be a reasonable amount of commonality so as to qualify it as being a part of the whole. *See generally, The American Heritage*

*Dictionary* 476, 1283, 1322 (2d ed. 1985). There is competent evidence here to establish that the Onslow County land is more than 100 miles from that in Harnett County and only a fraction of the Onslow County land is utilized for the growing of crops. This is not a case where land is contiguous or closely situated, but where it is in different counties.

Other jurisdictions have similarly addressed the issue. *See generally, First Nat'l Bank of West Chicago v. State Property Tax Appeal Board,* 377 N.E.2d 339 (Ill. App. 1978). Further, where it is not clear, tax exemptions are strictly construed against the taxpayer in favor of the State. *Institutional Food House, Inc. v. Coble, Sec. of Revenue,* 289 N.C. 123, 221 S.E.2d 297 (1976); *In re Clayton-Marcus Co.,* 286 N.C. 215, 210 S.E.2d 199 (1974).

Accordingly, because Frizzelle, the taxpayer, has not shown that an arbitrary method of valuation was used, and because the Commission's decision has a rational basis in the evidence, we reject his argument and affirm the Commission.

AFFIRMED.

Judges MARTIN and TIMMONS-GOODSON concur.