N.C. Dep't of Revenue v. Clifton, 2022 NCBC 20.

STATE OF NORTH CAROLINA

WAKE COUNTY

N.C. DEPARTMENT OF REVENUE,

        Petitioner,

v.

GRETA ANN CLIFTON,

        Respondent.

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
21 CVS 11892

**ORDER AND OPINION ON
PETITION FOR JUDICIAL REVIEW**

1. **THIS MATTER** is before the Court upon Petitioner North Carolina Department of Revenue's (the "Department" or "Petitioner") Petition for Judicial Review ("Petition," ECF No. 3), of the Final Decision and Amended Final Decision (except when referred to separately, "Final Decision") issued by the North Carolina Office of Administrative Hearings ("OAH") in the above-captioned matter on 5 August and 6 August 2021, respectively.

2. The Department contends in its Petition that the OAH erred when it reversed the Department's assessment of a "large individual income tax deficiency" penalty against Respondent Greta Ann Clifton ("Clifton" or "Respondent") under N.C.G.S. § 105-236(a)(5)(b) for understating her income on her 2015 North Carolina individual state income tax return by more than 25%. (Petition ¶ 1.)

3. After reviewing the Petition, the related briefing, relevant supporting materials, and the arguments of counsel and Clifton at the hearing on the Petition, the Court hereby **REVERSES** the Final Decision of the OAH for the reasons set forth below.

*North Carolina Department of Justice, by Special Deputy Attorney General Ashley Hodges Morgan, for Petitioner North Carolina Department of Revenue.*

*Greta Ann Clifton, Pro se.*

Bledsoe, Chief Judge.

I.

FACTUAL AND PROCEDURAL BACKGROUND

A.    Factual Background

4.    The Department is an agency of the State of North Carolina responsible for collecting the State's tax funds and administering the tax laws set forth in Subchapter I of Chapter 105 of the North Carolina General Statutes.  N.C.G.S. § 143B-218.

5.    Respondent was a citizen and resident of North Carolina at all relevant times in 2015.  She was also one of three members of a limited liability company called GD&T Enterprises, LLC ("GD&T") and an employee of Acme Plumbing. (Record on Appeal 879 [hereinafter "R."], ECF Nos. 19–26, 28.)

6.    Respondent timely filed her 2015 North Carolina individual income tax return ("Tax Return") along with a federal Schedule C, "Profit or Loss from Business"—a form allowing individuals to claim deductions from proprietorships.  (R. 879.)  On her Schedule C, Respondent claimed business income and deductions for GD&T.  (R. 879.)

7.    On 21 December 2018, the Department's Examinations Division, which conducts initial tax audits, informed Respondent that her Tax Return was being audited.  (R. 201.)  The Department submitted an information document request to

Clifton requesting that she provide documentation to support her claimed business expense deductions. (R. 203–04.) As a result of the audit, the Department disallowed the entire amount of business loss and business expenses that Respondent claimed on Schedule C of her 2015 federal income tax return and adjusted Respondent's federal adjusted gross income from $14,426 to $40,232, an increase of $25,806, or roughly 64%. (R. 51, 210.) On 25 March 2019, the Department proposed a tax assessment against Respondent consisting of $1,484 in additional North Carolina individual income tax, a $371 large individual income tax deficiency penalty under section 105-236(a)(5)(b) for understating her income by 25% or more, and $230.74 in interest (collectively, the "Proposed Assessment"). (R. 881.)

8. Respondent timely requested that the Department review the Proposed Assessment. (R. 881.) During the Department's review, the Personal Taxes Division sent Respondent's case back to the Examination Division to request documentation so the Department could substantiate Respondent's claimed deductions. (R. 882.) Respondent refused the Division's subsequent request, "writing that she was not providing any more documentation[.]" (R. 882.) Following its review, the Department issued a Notice of Final Determination ("Final Determination") on 30 March 2020 that affirmed the Proposed Assessment and increased the interest owed to account for the passage of time since the Proposed Assessment was issued. (R. 884, 49.)

B. Procedural Background

9. On 4 May 2020, Respondent timely filed a Petition for a Contested Case Hearing with the OAH, Case No. 20 Rev 01932, requesting that the OAH review the

Department's Final Determination. (R. 7–18.) OAH Administrative Law Judge Michael C. Byrne heard Respondent's petition on 11 May 2021. (R. 878.)

10. Following the hearing, the OAH issued a Final Decision on 5 August 2021 upholding the Department's denial of Respondent's claimed business expense deductions but reversing the Department's assessment of a large individual income tax deficiency penalty against Respondent. (R. 887–891.) On 6 August 2021, the OAH issued an Amended Final Decision, revising two Conclusions of Law regarding the penalty. (R. 894.)

11. Primarily at issue here is the OAH's amended conclusion stating:

> [A]n *improper deduction and an insufficiently documented deduction*, otherwise proper under the evidence submitted, *are two different things*. At no time did [the Department], by clear and convincing evidence or otherwise, prove that the deductions themselves were improper. The purpose of the statute appears to be penalizing improper deductions, not otherwise proper deductions that fail to meet [the Department's] somewhat subjective standards of being "sufficiently" documented. **Given the subjectivity of [the Department's] "insufficient documentation" findings under the evidence presented, the Tribunal cannot conclude that [the Department] met its "clear and convincing" burden to demonstrate that [Respondent] "understated" her taxable income as opposed to merely failing to support, again under a subjective standard of determination, an otherwise lawful deduction.**

(R. 894 ¶ 21 (emphasis added, bold in original).)

12. Relying on this conclusion, the OAH further concluded:

> Thus, while [Respondent]'s negligence is not a factor in determining whether this penalty should be applied, [the Department] did not meet its burden to show by clear and convincing evidence that [Respondent]'s attempted deductions were *improper as opposed to merely insufficiently documented*. At no time did Respondent demonstrate that Petitioner did anything other than claim deductions and then, when audited, failed (and refused) to present sufficient documentation to support them.

Accordingly, the large tax deficiency or "negligence" penalty against Petitioner must be reversed.

(R. 889–90 ¶ 22 (emphasis added).)[1]

13. On 7 September 2021, the Department timely filed its Petition pursuant to N.C.G.S. §§ 150B-43, -45, and -46 in Wake County Superior Court seeking judicial review of the OAH's Final Decision.[2] (R. 898.)

14. This action was designated as a mandatory complex business case by order of the Chief Justice of the Supreme Court of North Carolina dated 16 September 2021, and the case was assigned to the undersigned the following day. (Designation Order, ECF No. 1.)

---

[1] Most of Petitioner's challenges to the OAH's Final Decision are embraced within Petitioner's challenges to the OAH's amended conclusion of law no. 21 and conclusion of law no. 22. Those challenges include Petitioner's exceptions to finding of fact no. 39 (concluding that although Petitioner showed Respondent's deductions were "insufficiently supported by documentation," Petitioner failed to "prove that the deductions themselves were improper") and conclusions of law nos. 17 (burden of proof), 18 (amended) (section 105-236(a)(5)(c)'s title and application of *Wal-Mart Stores E., Inc. v. Hinton*, 197 N.C. App. 30, 58 (2009)), 19 (application of *Delhaize Am., Inc. v. Lay*, 222 N.C. App. 336, 356 (2012)), and 20 (distinguishing between insufficient documentation and improper deductions). Petitioner's only challenge not embraced by amended conclusion no. 21 and conclusion of law no. 22 is to the OAH's finding of fact no. 14 concerning Clifton's choice of tax form. (Petition ¶¶ 16–25.)

[2] The OAH concluded that Respondent failed to meet her burden to rebut the presumption afforded under N.C.G.S. § 105-241.9(a) in favor of the Department's tax assessment, (*see* R. 210), and Respondent did not appeal the OAH's conclusion that Respondent's deductions were insufficiently documented. (R. 888 ¶¶ 14–16.) Accordingly, the Court concludes that the Department's determination that Respondent understated her income by 25% or greater is conclusively established for purposes of judicial review of the Final Decision.

15. Respondent filed a motion to dismiss the Petition as a mandatory complex business case on 7 September 2021,[3] which the Court denied on 28 September 2021.[4] Respondent filed a second motion to dismiss the Petition without an accompanying brief in January 2022, (Mot. Dismiss, ECF No. 29), which the Court summarily denied on 30 March 2022, (Order Summarily Denying Respondent's Mot. Dismiss, ECF No. 35).

16. The Department timely submitted a brief in support of its Petition.[5] Respondent did not file a response brief.

17. On 5 April 2022, the Court held a hearing on the Petition at which the Department was represented by counsel and Respondent appeared *pro se*. This matter is now ripe for resolution.

II.

LEGAL STANDARD

18. When the trial court "exercises judicial review over an agency's final decision, it acts in the capacity of an appellate court." *Meza v. Div. of Soc Servs.*, 364 N.C. 61, 75 (2010) (quoting *N.C. Dep't of Env't & Nat. Res. v. Carroll*, 358 N.C. 649, 662 (2004)).

---

[3] (Mot. Dismiss Notice of Designation of Action as a Mandatory Complex Bus. Case Under N.C.G.S. § 7A-45.4, ECF No. 5.)

[4] (Order on Mot. Dismiss Notice of Designation of Action as a Mandatory Complex Bus. Case Under N.C.G.S. § 7A-45.4, ECF No. 12.)

[5] (Petitioner's Br. Supp. Petition for Jud. Rev. [hereinafter "Petitioner's Br."], ECF No. 33.)

19. Pursuant to N.C.G.S. § 150B-51(b), this Court may affirm the decision of the OAH, remand the case for further proceedings, or, as set forth herein, reverse or modify a final agency decision:

> [I]f the substantial rights of the petitioners may have been prejudiced because the [OAH's] findings, inferences, conclusions, or decisions are:
>   (1) In violation of constitutional provisions;
>   (2) In excess of the statutory authority or jurisdiction of the agency or administrative law judge;
>   (3) Made upon unlawful procedure;
>   (4) Affected by other error of law;
>   (5) Unsupported by substantial evidence admissible under G.S. 150B-29(a), 150B-30, or 150B-31 in view of the entire record as submitted; or
>   (6) Arbitrary, capricious, or an abuse of discretion.

20. "The nature of the error asserted by the party seeking review dictates the appropriate manner of review[.]" *Dillingham v. N.C. Dep't of Human Res.*, 132 N.C. App. 704, 708 (1999). "[I]f the appellant contends the agency's decision was affected by a legal error, N.C.G.S. § 150B-51(b)(1), (2), (3), & (4), *de novo* review is required; if the appellant contends the agency decision was not supported by the evidence, N.C.G.S. § 150B-51(b)(5), or was arbitrary or capricious, N.C.G.S. § 150B-51(b)(6), the whole record test is utilized." *Duke Univ. Med. Ctr. v. Bruton*, 134 N.C. App. 39, 41 (1999).

21. Because the Department alleged in its Petition that the OAH erroneously construed state law regarding the Department's burden of proof and otherwise committed errors of law in assessing a large individual income tax deficiency penalty under N.C.G.S. § 105-236(a)(5)(b), this Court's standard of review is *de novo*. Under the *de novo* standard of review, the Court considers the matter anew and freely

substitutes its own judgment for that of the OAH. *See Wetherington v. N.C. Dep't of Pub. Safety*, 368 N.C. 583, 590 (2015); *see also Mann Media, Inc. v. Randolph County Planning Bd.*, 356 N.C. 1, 13 (2002).

22. Additionally, where, as here, a contested case "involve[es] the imposition of civil fines or penalties by a State agency for violations of the law, the burden of showing by clear and convincing evidence that the person who was fined actually committed the act for which the fine or penalty was imposed rests with the State agency." N.C.G.S. § 150B-25.1(b). And because the Department "raise[s] issues of statutory interpretation," those issues pose "questions of law for the court." *Midrex Techs., Inc. v. N.C. Dep't of Revenue*, 2015 NCBC LEXIS 92, at *16 (N.C. Super. Ct. Oct. 7, 2015); *see also Parkdale Am., LLC v. Hinton*, 200 N.C. App. 275, 278 (2009).

23. "Under our canons of statutory interpretation, where the language of a statute is clear, the courts must give the statute its plain meaning" so long as it is reasonable to do so. *N.C. State Bar v. Brewer*, 183 N.C. App. 229, 236 (2007) (quoting *Armstrong v. N.C. State Bd. of Dental Exam'rs*, 129 N.C. App. 153, 156 (1998)). "A construction which operates to defeat or impair the object of the statute must be avoided if that can reasonably be done without violence to the legislative language[.]" *Elec. Supply Co. v. Swain Elec. Co.*, 328 N.C. 651, 656 (1991) (quoting *State v. Hart*, 287 N.C. 76, 80 (1975)). "An analysis utilizing the plain language of the statute and the canons of construction must be done in a manner which harmonizes with the underlying reason and purpose of the statute." *Id.* "If the language of a statute is free from ambiguity and expresses a single, definite, and sensible meaning, judicial

interpretation is unnecessary and the plain meaning of the statute controls." *Mazda Motors of America, Inc. v. Southwestern Motors*, Inc., 296 N.C. 357, 361 (1979). In addition, our courts have held that a court should "avoid interpretations that create absurd or illogical results," *Ayers v. Bd. of Adjustment*, 113 N.C. App. 528, 531 (1994), while according undefined terms their plain meaning so long as the ultimate reading is reasonable, *Polaroid Corp. v. Offerman*, 349 N.C. 290, 297 (1998).

24. Of particular relevance here, "[i]n the interpretation of statutes levying taxes it is the established rule not to extend their provisions, by implication, beyond the clear import of the language used, or to enlarge their operations so as to embrace matters not specifically pointed out." *Institutional Food House, Inc. v. Coble*, 289 N.C. 123, 135 (1976) (quoting *Gould v. Gould*, 245 U.S. 151, 153 (1917). Further, in making the initial determination regarding the Department's plenary power under N.C.G.S. § 105-264(a), it is "the duty of the Secretary [of Revenue] to interpret all laws administered by the Secretary" and "[a]n interpretation by the Secretary is *prima facie* correct." *Id*.

III.

ANALYSIS

25. N.C.G.S. § 105-236(a)(5), in relevant part, mandates penalties under the following circumstances:

(a) **Finding of negligence**. – For negligent failure to comply with any of the provisions to which this Article applies, or rules issued pursuant thereto, without intent to defraud, the Secretary shall assess a penalty equal to ten percent (10%) of the deficiency due to the negligence.

(b) **Large individual income tax deficiency**. – In the case of individual income tax, if a taxpayer understates taxable income, *by any means*, by an amount equal to twenty-five percent (25%) or more of gross income, *the Secretary shall assess a penalty* equal to twenty-five percent (25%) of the deficiency. For purposes of this subdivision, "gross income" means gross income as defined in section 61 of the Code.

(c) **Other large tax deficiency**. – In the case of a tax other than individual income tax, if a taxpayer understates tax liability by twenty-five percent (25%) or more, the Secretary shall assess a penalty equal to twenty-five percent (25%) of the deficiency.

(Emphasis added.)

26. Here, the OAH affirmed the Department's determination that Respondent understated her gross income by roughly 64% yet reversed the Department's imposition of the large individual income tax deficiency penalty because the deductions that led to the understatement were "insufficiently documented" and not, in and of themselves, "improper." (R. 49, R. 210, R. 888 ¶¶ 14–15, R. 889–90 ¶¶ 20–22, R. 894 ¶ 21.) To support its distinction between insufficiently documented deductions and improper deductions, the OAH cited to *Wal-Mart Stores E., Inc. v. Hinton*, 197 N.C. App. 30 (2009), a decision affirming the imposition of a penalty under a similar statute, N.C.G.S. § 105-236(a)(5)(c), and to *Delhaize Am., Inc. v. Lay*, 222 N.C. App. 336 (2012), a decision affirming the imposition of a penalty under that same section because the taxpayer "understated its tax by more than 87% as a result of *improper deductions*." (Emphasis added.) The OAH concluded that because Respondent's deductions may have been proper had she satisfied "[the Department's] somewhat subjective standards of being 'sufficiently' documented[,]" the Department's imposition of the large individual income tax deficiency penalty against

her undermined the statute's purpose to "penaliz[e] improper deductions[.]" (R. 894 ¶ 21.)

27. On appeal, the Department contends that the OAH invented a distinction that contradicts the plain language of section 105-236(a)(5)(b), which requires the automatic imposition of a large individual income tax deficiency penalty when "a taxpayer understates [her] taxable income, by any means, by an amount equal to twenty-five percent (25%) or more of gross income[.]" (Petitioner's Br. 1–2 (quoting section 105-236(a)(5)(b)).) The Department argues that *Wal-Mart* and *Delhaize* do not change this outcome and instead support the Department's interpretation. (Petitioner's Br. 13.)

28. The Court agrees with the Department's interpretation of section 105-236(a)(5)(b).

29. The Court begins, as it must, with the statute's plain language. *State v. Green*, 348 N.C. 588, 596 (1998) ("When the language of a statute is clear and unambiguous, there is no room for judicial construction and the courts must give the statute its plain and definite meaning[.]"). Section 105-236(a)(5)(b) provides that the "Secretary *shall* assess a penalty" if a "taxpayer understates taxable income [by 25% or more], *by any means*[.]" (Emphasis added). The statute's plain language neither distinguishes between different methods of understatement nor creates differing penalties for one form of understatement over another. Instead, section 105-236(a)(5)(b) unambiguously requires the automatic imposition of a penalty against

taxpayers who understate their taxable income by 25% or greater "by any means[.]" N.C.G.S. § 105-236(a)(5)(b).

30. Accordingly, the Court concludes that the Department properly penalized Respondent under section 105-236(a)(5)(b) because she understated her taxable income by nearly 64% by claiming certain deductions that she was unable to substantiate with sufficient documentation. (R. 210.) Whether Clifton acted innocently or with an improper motive, her claiming deductions and then failing to substantiate them is undoubtedly a "means" of understating her taxable income, subjecting her to the penalty provided for under section 105-236(a)(5)(b). The OAH's contrary reading edits the statute rather than giving effect to its plain meaning. For these reasons, a judicial interpretation of the statute is unnecessary, and the plain meaning should control. *See Institutional Food House*, 289 N.C. at 135.

31. The OAH's resort to *Wal-Mart* and *Delhaize* does not change this result.

32. In *Wal-Mart*, a corporate taxpayer appealed the Department's imposition of a large tax deficiency penalty under section 105-236(a)(5)(c), arguing that, because that section was titled "negligence," the Department was required to find that the taxpayer was negligent before it could apply the penalty. 197 N.C. App. at 57–58. The Court of Appeals rejected the taxpayer's argument, concluding that the title of a statute cannot control when the statute's text is clear and that the plain text of section 105-236(a)(5)(c) did not require a finding of negligence. *Id*. at 58. In affirming the penalty, the Court of Appeals further concluded that "[the taxpayer] does not appear to dispute that if the [Department's] assessment based on the combined returns is

lawful, then [the taxpayer's] income was understated by more than 25%, which operates to invoke the penalty provision of N.C. Gen. Stat. § 105-236(a)(5)([c])[6] without a finding of negligence." *Id.*

33. In *Delhaize*, a taxpayer challenged the constitutionality of section 105-236(a)(5)(c), but the Court of Appeals rejected the taxpayer's challenge and concluded that, like in *Wal-Mart*, the automatic penalty under section 105-236(a)(5)(c) was properly assessed without a showing of negligence, so long as the taxpayer understated its tax liability by more than 25%:

> Additionally, because the *Wal-mart* [sic] Court held that the "large tax deficiency" penalty pursuant to N.C. Gen. Stat. § 105-236(a)(5)(c) is invoked if the taxpayer understates its tax by more than 25%, and because Plaintiff here—in a manner indistinguishable from the corporate taxpayer in *Wal-mart*, [sic] 197 N.C. App. 30, 676 S.E.2d 634— understated its tax liability by more than 25% as a result of the Vision Project, we believe there is no genuine issue of material fact on this issue, and the penalty pursuant to N.C. Gen. Stat. § 105-236(a)(5)(c) is due.

222 N.C. App. at 358 (emphasis added).

34. In short, both *Wal-Mart* and *Delhaize* recognize that section 105-236(a)(5)(c)—a statute nearly identical to section 105-236(a)(5)(b) at issue here— automatically penalizes taxpayers who understate their taxable income by 25% or

---

[6] This quoted portion of *Wal-Mart* refers to section 105-236(1)(5)(*a*), but the surrounding analysis plainly refers to section 105-236(1)(5)(*c*) because the Court of Appeals refers to (i) a 25% threshold for the penalty to apply and (ii) the absence of a negligence requirement, both features of section 105-236(1)(5)(*c*) and not of section 105-236(1)(5)(*a*). The Court concludes that this reference to section 105-236(1)(5)(a) therefore reflects an inadvertent typographical error. *See Delhaize Am., Inc. v. Lay*, 2011 NCBC LEXIS 9, at *43 n.5 (N.C. Super. Ct. Jan. 12, 2011) ("Based on the context of the paragraph that contains this quoted sentence, it appears to this Court that the Court of Appeals meant to reference paragraph (c) of subdivision (5) here, rather than paragraph (a)."), *partially rev'd on other grounds*, 222 N.C. App. 336 (2012).

more. *Wal-Mart*, 197 N.C. App. at 58; *Delhaize*, 222 N.C. App. at 358. Neither case adopted the OAH's attempted distinction between improper deductions and insufficiently documented deductions.[7] Moreover, the phrase "by any means," which appears in section 105-236(a)(5)(b) but not in section 105-236(a)(5)(c), provides strong support for the Court's conclusion that the Department is not required to show impropriety by the taxpayer before applying a penalty—any means of understatement will do.

35. In sum, section 105-236(a)(5)(b) is susceptible to a single, unambiguous meaning: once the Department has shown that a taxpayer has understated taxable income by an amount of 25% or more, the Department automatically imposes a penalty equal to 25% of the deficiency. How that deficiency came to be simply does not matter under the statute. Accordingly, the Court concludes that the large individual income tax deficiency penalty assessed against Respondent under section 105-236(a)(5)(b) in the Department's Final Determination in the amount of $371.00 was proper and that the OAH's Final Decision should therefore be reversed.

---

[7] *Delhaize* refers to "improper deductions," but the Court of Appeals (i) did not contrast "improper deductions" against insufficiently documented deductions and (ii) used the term "improper" to mean unlawful or unauthorized. 222 N.C. App. 355.

IV.

CONCLUSION

36.   For the foregoing reasons, the Court hereby **REVERSES** the Final Decision of the OAH.[8]


          **SO ORDERED**, this the 28th day of April, 2022.


                                        /s/ Louis A. Bledsoe, III
                                        Louis A. Bledsoe, III
                                        Chief Business Court Judge

---

[8] In light of the Court's determination, the Court need not specifically address Petitioner's objection to finding of fact no. 14 concerning Clifton's choice of tax form, an issue that, in any event, was not the subject of briefing or oral argument.